J-A26041-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
QUINZEL SMITH :
:
Appellant : No. 1649 EDA 2021

Appeal from the PCRA Order Entered July 21, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008432-2014

BEFORE: BOWES, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BOWES, J.:                    **FILED NOVEMBER 29, 2022**

Quinzel Smith appeals from the July 21, 2021 dismissing his petition for relief pursuant to the Post-Conviction Relief Act ("PCRA"). We remand with instructions.

Due to the nature of our disposition, we will review the factual history of this matter but briefly. At CP-51-CR-3774-2014 ("Case No. 3774"), Appellant was accused of robbing David Engle at gunpoint with the assistance of several co-conspirators on March 3, 2014, in Philadelphia, Pennsylvania. Separately, at CP-51-CR-0008432-2014 ("Case No. 8432"), Appellant was implicated in the robbery of Dongjie Ji and Ran Liu in Philadelphia on March 9, 2014. At Case No. 3774, a jury found Appellant guilty of one count of conspiracy to commit robbery. At Case No. 8432, Appellant was convicted of

_____

[*] Retired Senior Judge assigned to the Superior Court.

two counts of robbery and one count each of criminal conspiracy and PIC. Ultimately, the trial court imposed an aggregate sentence of twenty to forty years of incarceration. Appellant filed a consolidated direct appeal. This Court affirmed his judgments of sentence and our High Court denied *allocatur*. **See Commonwealth v. Smith**, 216 A.3d 433 (Pa.Super. 2019) (unpublished memorandum at 1-7), *appeal denied*, 217 A.3d 799 (Pa. 2019). Thereafter, Appellant did not seek review in the United States Supreme Court.

On June 13, 2020, Appellant filed a timely *pro se* PCRA petition. Counsel was appointed to represent Appellant and two amended petitions were filed on his behalf raising claims of ineffective assistance of counsel. **See** Amended PCRA Petition, 2/5/21, at 1-7; Supplemental Motion, 3/19/21, at 1-4 (unpaginated). These filings listed the docket numbers for both cases and discussed Appellant's entitlement to relief collectively. On June 24, 2021, the PCRA court filed notice of its intent to dismiss Appellant's amended petition without a hearing pursuant to Pa.R.Crim.P. 907(1) which, also, listed both docket numbers. Appellant did not respond.

It appears that, on July 21, 2021, the PCRA court filed individual orders dismissing Appellant's PCRA petition at Case No. 3774 and Case No. 8432.[1]

---

[1] The unabridged docket at Case No. 3774 was included in Appellant's reproduced record. Under these circumstances, it is appropriate for us to rely upon this document. **See Commonwealth v. Holston**, 211 A.3d 1264, 1276 (Pa.Super. 2019) ("[W]here the accuracy of a document is undisputed and contained in the reproduced record, we may consider it."). From this documentation, we can confirm that an order dismissing Appellant's PCRA
*(Footnote Continued Next Page)*

The PCRA dismissal order at Case No. 8432 listed a single docket number. *See* Order, 7/21/21, at 1 (referring to Case No. 8432).

Appellant filed a timely notice of appeal in Case No. 8432. *See* Notice of Appeal, 8/12/21, at 1. It does not appear that he filed a separate notice at Case No. 3774. While there is no order directing Appellant to file a concise statement of errors pursuant to Pa.R.A.P. 1925(b) in Case No. 8432, such an order was issued in Case No. 3774. *See* Appellant's Reproduced Record at 37 (unpaginated) (indicating Appellant was ordered to file a Rule 1925(b) statement in Case No. 3774 on August 23, 2021). On September 13, 2021, Appellant filed timely Rule 1925(b) statements in both cases. Thereafter, the PCRA court filed a single Rule 1925(a) opinion averring, *inter alia*, that Appellant had appealed from Case No. 8432, alone. *See* Rule 1925(a) Opinion, 1/12/22, at 6 ("[T]his is flatly the failure by Appellant to perfect an appeal at both docket numbers."). The PCRA court also addressed the merits of Appellant's arguments under both cases. *Id*. at 6.

Preliminarily, there are significant irregularities related to Appellant's taking of the instant appeal. As a general matter, the "proper practice" under Pennsylvania law is "to file separate appeals from an order that resolves issues arising on more than one docket." ***Commonwealth v. Walker***, 185 A.3d

_____

petition was also apparently filed at Case No. 3774. *See* Appellant's Reproduced Record at 37 (unpaginated) (documenting that a PCRA dismissal order was filed on July 21, 2021). However, since no copy of the dismissal order filed at Case No. 3774 is available for our review, we cannot definitively determine whether the PCRA court filed two distinct dismissal orders, or a single order that erroneously listed only one docket number.

969, 977 (Pa. 2018), *abrogated in part by*, **Commonwealth v. Young**, 265 A.3d 462, 477-78 (Pa. 2021); **see also** Pa.R.A.P. 341, Note. However, the portion of **Walker** mandating bright-line quashal for violation of this procedure has been abrogated pursuant to Pa.R.A.P. 902. **See Young**, **supra** at 477-78. In pertinent part, Rule 902 provides that the "[f]ailure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal[.]" Pa.R.A.P. 902. Thus, "where a timely appeal is erroneously filed at only one docket, [Pa.R.A.P. 902] permits the appellate court, in its discretion, to allow correction of the error, where appropriate." **See Young**, **supra** at 477.

Appellant's PCRA filings evince a clear and unambiguous desire to collaterally challenge his convictions at Case No. 8432 **and** Case No. 3774, both in terms of styling and substantive pleadings. **See** Amended PCRA Petition, 2/5/21, at 1-7; Supplemental PCRA Filing, 3/19/21, at 1-4 (unpaginated). While Appellant's timely notice of appeal lists only Case No. 8432, this is not the only filing irregularity that appears on the face of the record. The PCRA court's Rule 1925(b) order appears only on the docket related to Case No. 3774, *i.e.*, the case from which the PCRA court contends Appellant failed to appeal. Moreover, Appellant filed responsive Rule 1925(b) statements in both cases. **See** Rule 1925(b) Statement, 9/13/21, at 1; Appellant's Reproduced Record at 37 (unpaginated) (documenting that a Rule 1925(b) statement was filed in Case No. 3774 on the same day).

As noted above, the PCRA petition filed by Appellant indisputably implicated both cases. Moreover, the PCRA court ordered the filing of Rule 1925(b) statements in both cases and that Appellant timely complied with this directive in both cases. Thus, it appears that both Appellant and the PCRA court were operating upon the understanding that Appellant was seeking appellate review in both cases. Based on the foregoing, we conclude Appellant has manifested a sufficient intent to appeal at Case No. 3774, such that he should be permitted an opportunity to correct his timely-but-defective notice of appeal. **Accord Young**, **supra** at 477. Thus, we will remand this matter to the PCRA court pursuant to Rule 902 and **Young**, **supra** at 477.

On remand, Appellant shall be permitted to file a corrected notice of appeal at Case No. 3774. Following this correction, we also direct the PCRA court to transmit the records in both cases to this Court for adjudication. **See** Pa.R.A.P. 1921. Due to the nature of this holding, at this time we express no opinion on the relative merits of Appellant's claims for relief in this appeal.

Case remanded with instructions. Jurisdiction retained.